UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| ISABELLA A. QUINONEZ, individually, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>   Defendant. | Case No. 4:20-cv-01195 |

## CLASS ACTION COMPLAINT

**NOW COMES** ISABELLA A. QUINONEZ, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of CAPITAL ONE BANK (USA), N.A., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020)

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. ISABELLA A. QUINONEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

10. CAPITAL ONE BANK (USA), N.A. ("Defendant") is a corporation organized under the laws of the State of Delaware.

11. Defendant is a nationally recognized banking institution that issues loans and credit cards to consumers nationwide.

12. Defendant's principal place of business is located at 1680 Capital One Drive, McLean, Virginia 22102.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

2

**FACTUAL ALLEGATIONS**

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9966.

14. At all times relevant, Plaintiff's number ending in 9966 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16. Plaintiff applied for and was issued a credit card from Defendant.

17. Plaintiff made charges to the credit card for personal use.

18. Due to an unanticipated financial hardship, Plaintiff fell behind on her payments to Defendant ("subject debt").

19. As soon as Plaintiff fell behind on her payments, Defendant peppered Plaintiff with collection calls to Plaintiff's cellular phone.

20. Initially, Plaintiff ignored Defendant's collection calls hoping they would cease if Plaintiff did not answer.

21. In the calls that Plaintiff did not answer, Defendant left prerecorded voicemails (robocalls) requesting a call back.

22. Plaintiff's hopes that the collection calls would cease proved futile as Defendant continued placing prerecorded collection calls to Plaintiff's cellular phone, including phone calls from the number (800) 950-6600.

23. On or around September 19, 2020, increasingly frustrated with the harassing collection calls, Plaintiff answered a collection call placed by Defendant and spoke to a live agent.

3

24. During this call, Plaintiff informed Defendant's representative that the calls have become excessive and requested that Defendant cease the collection calls to her cellular telephone.

25. Uninterested with Plaintiff's grievance, Defendant's representative demanded payment on the subject debt.

26. In response, Plaintiff repeated her request that the collection calls cease.

27. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing collection calls to Plaintiff's cellular phone and leaving prerecorded messages.

28. Most of Defendant's prerecorded messages stated: "We're trying to reach you… again the number to reach us is 1-800-955-6600… thank you."

29. In total, Defendant placed no less than twenty (20) prerecorded collection calls to Plaintiff's cellular phone number after Plaintiff requested that the collection calls cease.

30. Defendant's harassing phone calls have disrupted Plaintiff's daily life and general well-being.

31. Defendant's unlawful collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

32. Moreover, each time Defendant placed a collection call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

33. Due to Defendant's refusal to comply with Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel the phone calls to cease.

## CLASS ALLEGATIONS

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### TCPA Class

All persons in the United States (1) to whom Defendant placed, or caused to be placed, a call relating to a Capital One account or debt; (2) to their cellular telephone number; (3) using an artificial or prerecorded voice; (4) without their prior express consent; (5) within the four years preceding the date of this complaint through the date of class certification.

### TDCA Class

All persons in the State of Texas (1) to whom Defendant placed, or caused to be placed, a call relating to a Capital One account or debt; (2) to their cellular telephone number or landline number; (3) on a date after Capital One's records reflect a request that the calls cease; (4) within the two years preceding the date of this complaint through the date of class certification.

36. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

37. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

38. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can only be determined through targeted discovery.

39. The members of the Putative Classes are ascertainable because the classes are defined by reference to objective criteria.

40. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

41. There are many questions of law and fact common to the claims of Plaintiff and members of the Putative Classes.

42. Those questions predominate over any questions that may affect individual members of the Putative Classes.

### C. Typicality

43. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes were similarly harmed by Defendant's conduct and thus are entitled to similar damages as result of Defendant's conduct.

### D. Superiority and Manageability

44. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

45. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

6

46. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

47. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.  Adequate Representation

48. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

49. Plaintiff has no interests antagonistic to those of the Putative Classes and Defendant has no defenses unique to Plaintiff.

50. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)
### (Plaintiff and the Members of the TCPA Class)

51. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52. Defendant placed or caused to be placed no less than twenty (20) non-emergency calls, from September 19, 2020 through the present, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

53. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

54. Upon information and belief, Defendant does not maintain an effective system to process and honor consumer cease requests.

55. Specifically, as pled above, Defendant ignored Plaintiff's multiple requests that the collection calls cease.

56. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the members of the Putative Class.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the TCPA Class, requests the following relief:

A. an order granting certification of the TCPA Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned and his firm as Class Counsel;

B. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further violating collection calls to Plaintiff and members of the TCPA Class;

D. an award of $500.00 in damages to Plaintiff and the members of the TCPA Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the TCPA Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

# COUNT II
## Violations of the Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)
### (Plaintiff and the Members of the TDCA Class)

58. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

59. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.
>
> Tex. Fin. Code Ann. § 392.302(4).

60. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by placing harassing collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease on multiple occasions.

61. Defendant's intent to harass Plaintiff is illustrated by the fact that Defendant continued placing the collection calls despite Plaintiff's requests that the harassing calls cease.

62. As pled above, Plaintiff was harmed by Defendant's unlawful collection practices.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the TDCA Class, requests the following relief:

A. an order granting certification of the TDCA Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned and his firm as Class Counsel;

B. an order finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

9

C.  an order enjoining Defendant from placing further collection calls to Plaintiff and members of the TDCA Class pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

D.  an award of actual damages to Plaintiff and members of the TDCA Class in an amount to be determined by the jury pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

E.  an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

F.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 30, 2020                                  Respectfully submitted,

ISABELLA A. QUINONEZ

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com